446

William J. EDELL, Plaintiff-Appellant,

v.

Evelyn M. EDELL, J. Newton Morgan, H. Douglas Vanduser, Albert E. Gilbert, American Surety Co. of New York, Shirley M. Edell, Robert Ortale, Thurston Corbett, Burton Tanenbaum, James C. O'Brien, Albert E. Gilbert, Frederic T. Henry, Margaret Dochak, National Surety Corp. of New York, Defendants-Appellees.

William J. EDELL, Plaintiff-Appellant,

v.

Walter MACK, David Levy, Samuel Levy, Clarence Grabb, Albert E. Gilbert, Fidelity & Casualty Co. of New York, James C. O'Brien, Frederic T. Henry, G. Robert Witmer, Domine Building Supply Co., Inc., Edward Gartz, R. W. Harmon Flooring Co., Humphrey Paint Co., Theo. F. Haidt, Fred B. Kravetz, Henry O. Oakes, Vincent Baccari, Harold V. Galloway, Douglas Bruce, Defendants-Appellees.

Nos. 221, 222, Docket 25388–25389.

United States Court of Appeals
Second Circuit.

Argued March 12, 1959.

Decided June 25, 1959.

William J. Edell, Boynton Beach, Fla., pro se.

Newton, Morgan & Morgan, Rochester, N. Y., for Evelyn M. Edell, J. Newton Morgan and American Surety Co. of New York.

Culley, Corbett & Tanenbaum, Rochester, N. Y., for Albert E. Gilbert, National Surety Co., Shirley M. Edell, Thurston Corbett and Burton D. Tanenbaum.

Levy & Levy, Rochester, N. Y., for Walter Mack, David Levy, and Samuel Levy, Clarence Grabb and Albert E. Gilbert, Fidelity & Casualty Co. and R. W. Harmon Flooring Co.

Before WASHINGTON, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Appellant commenced two actions charging that he was damaged by tortious wrongs committed against him through the concerted action of each group of defendants. Motions for summary judgment were filed by defendants in each case on the ground that the complaints did not set forth any genuine issues with respect to any material facts.

The district court, after a close examination of appellant's voluminous complaints, was satisfied that the wrongs appellant alleged all stemmed from, or had been the subject of, previously entered court orders, judgments and decrees of record; and that the pleadings and affidavits supporting defendants' motions

disclosed that there were indeed no well-pleaded material disputed facts.

The two motions were considered together, and, accompanied by a lengthy written opinion, orders were entered below granting the motions and dismissing the two complaints.

The lower court examined appellant's allegations and tested their validity by applying to them well-established principles governing one's right to recover in the three fields of tort law that the complaints indicated might be applicable: conspiring to injure by agreeing to perform and by performing unlawful acts in concert, malicious prosecution, and improper abuse of legal process. It also found them insufficient to support a claim of *prima facie* tort.

Essential material facts were held to be lacking in each of the four fields. We find no error in the result reached below, and the judgments are affirmed.